## JOHN S. PROCTOR v. CHAS. I. EVANS.

(No. 264, Tex. L. J., vol. 1, p. 163.)

APPEAL from Brazos County. Opinion by WHITE, J.

§ 647. *Liability of an obligor who signs note to be signed by another who does not sign; evidence to explain written instrument.* Evans, the appellee, and one Wren, as partners, were jointly indebted to appellant Proctor on open account. Evans executed and delivered the note sued on in settlement of said account, and took up the account, which was receipted. The note which is sued on in this case reads, "*we* promise to pay," etc. Evans pleads, and so contends, that he is not liable upon said note, because, at the date of its execution, it was understood and agreed that the note was also to be signed by Wren, and that, unless so signed, its obligations were not to be binding upon him. On the trial the court, over objections of plaintiff, permitted Evans to testify to these facts. This, it seems, was not error. Mr. Parsons, in his work on Notes and Bills, lays down the rule as follows: "If a note be drawn with the intent that it shall be signed by several persons, and one or more of them sign it on a representation by the payee of the party to whom it is to be given, or by an understanding with him, that the others will sign it, and they do not, it is not valid against the actual signers." [1 Pars. on N. & B. 232.] It will be noticed, however, upon examination of the authorities cited by him in support of the rule, that the cases all differ from the one we are considering in the important particular that the parties relieved against liability in those cases were all sureties or indorsers, and not parties primarily liable for a pre-existing debt. How far the rule would or should be changed to meet the case of one originally liable, and who had obtained a receipt of his original indebtedness, we do not deem it necessary to inquire or determine at this time. As stated above, the court, under the pleadings in this

case, did not err in permitting the testimony to be intro-duced. The court, however, erred in overruling the motion for new trial on the ground of newly discovered evidence.

January 12, 1878.          Reversed and remanded.